

**U.S. Department of Justice**
*S. Amanda Marshall*
*United States Attorney*
*District of Oregon*
*1000 SW Third Avenue, Ste. 600*          *(503) 727-1000*
*Portland, OR  97204-2902*          *Fax: (503) 727-1117*

April 25, 2012

Mark C. Cogan
Attorney at Law
Crown Plaza Building
1500 SW 1st Ave., Suite 780
Portland, OR 97201

      Re:    *United States v. Yazeed Mohammed A. Abunayyan*, Case No. 3: 12-CR-00084-HZ
            Plea Agreement Letter

Dear Counsel:

1.     **Parties/Scope**:  This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority.  This agreement does not apply to any charges other than those specifically mentioned herein.

2.     **Charges**:  Defendant agrees to plead guilty to Count 1 of the indictment, which charges interference with a flight crew in violation of Title 49, United States Code, Section 46504.

3.     **Penalties**:  The maximum sentence is 20 years' imprisonment, a fine of $250,000, three years of supervised release, mandatory restitution, and a mandatory $100 fee assessment.  Defendant agrees to pay the $100 fee assessment by the time of entry of guilty plea.

4.     **Sentencing Factors**:  The parties agree that the court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a).  Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

5.     **Agreed Guidelines Calculations**:  The parties stipulate and agree to the following sentencing guidelines calculations:  Under USSG § 2A5.2, the base offense level is 9, with no upward adjustments.  With a two-level reduction for acceptance of responsibility (subject to paragraph 6 below), the final offense level is 7.  Since defendant is in Criminal History Category I, the advisory guideline range is zero to six months.

Revised 02/03/10

Mark C. Cogan
Re:  Yazeed Mohammed A. Abunayyan Plea Letter
Page 2

6.      **Acceptance of Responsibility**:  Defendant must demonstrate to the court that he fully admits and accepts responsibility under USSG § 3E1.1 for his unlawful conduct in this case.  If defendant does so, the USAO will recommend a two-level reduction in defendant's offense level.

7.      **Agreed Sentence**:  The USAO and defendant agree that the appropriate sentence is time served, as long as defendant qualifies for the acceptance of responsibility reduction as described above.  Defendant has been in custody on this charge since February 21, 2012.

8.      **Restitution**: Defendant agrees to pay full restitution to United Airlines prior to entry of his guilty plea.

9.      **Supervised Release**: Because of the agreed sentence and the expected prompt return of defendant to Saudi Arabia, his country of origin and citizenship, the USAO will seek no term of supervised release.

10.     **Waiver of Presentence Report**: Because of the agreed sentence and the expected prompt return of defendant to Saudi Arabia, the parties agree to waive a presentence report and ask the court to pronounce sentence immediately upon acceptance of the guilty plea.  This waiver is being done with the prior approval of the U.S. Probation Office.

11.     **Waiver of Appeal/Post-Conviction Relief**:  Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that:  (1) the sentence imposed exceeds the statutory maximum, or (2) the court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal.  Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2).

12.     **Court Not Bound**:  The court is not bound by the recommendations of the parties. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the court does not follow the agreements or recommendations of the parties.

13.     **Full Disclosure/Reservation of Rights**:  The USAO will fully inform the court of the facts and law related to defendant's case.  Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

**Revised 02/03/10**

Mark C. Cogan
Re:  Yazeed Mohammed A. Abunayyan Plea Letter
Page 3


14.     **Breach of Plea Agreement**:  If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

15.     **Memorialization of Agreement**:  No promises, agreements or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the court.  If defendant accepts this offer, he, his counsel and the interpreter should sign and attach the original of this letter to the Petition to Enter Plea.


                                        Sincerely,

                                        S. AMANDA MARSHALL
                                        United States Attorney


                                        STEPHEN F. PEIFER
                                        Assistant United States Attorney


        I have carefully reviewed every part of this agreement with my attorney.  I understand and voluntarily agree to its terms.  I expressly waive my rights to appeal as outlined in this agreement.  I wish to plead guilty because, in fact, I am guilty.


April 27, 2012                          _____
Date                                    Yazeed Mohammed A. Abunayyan, Defendant


        I represent the defendant as legal counsel.  I have carefully reviewed every part of this agreement with defendant.  To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

April 27, 2012                          _____
Date                                    Mark C. Cogan, Attorney for Defendant


        I fully and accurately translated this agreement to the above-named defendant as the interpreter in this case.  I fully and accurately interpreted discussions between the defendant and the attorney.

4-27-2012                               _____
Date                                    Interpreter  FAHMI SLAIL


**Revised 02/03/10**